# BARNETT BANK OF POLK COUNTY v GAUNTLETT, etc.
## Case No. GCG86-4538

Tenth Judicial Circuit, Polk County

July 28, 1987

### APPEARANCES OF COUNSEL

**N. Louise Ellingsworth** for plaintiff.

**Jon Hall** for defendants.

### OPINION OF THE COURT

RANDALL G. MCDONALD, Circuit Judge.

### *ORDER DENYING SUMMARY JUDGMENT*

THIS MATTER came before the Court upon Plaintiff's Motion for Summary Judgment. Defendants deposited a check for $7,000.00 in

their account with Plaintiff. Defendants claim that Plaintiff subsequently advised them that the check had cleared whereupon they wrote checks on the funds so deposited. The deposited check was later returned for insufficient funds at which time Plaintiff charged back the $7,000.00 dollar amount and Plaintiff now sues for the $1,872.12 outstanding. Defendants countersue for negligent misrepresentation.

Plaintiff states that "[a] cause of action for negligent misrepresentation does not exist as a matter of law." Plaintiff's Motion for Summary Judgment, page 1. Plaintiff also states that "erroneous information given to [Defendant] by the [Plaintiff] that the check had cleared does not amount to negligent misrepresentation; case law has established such misrepresentation to be irrelevant and ineffective to revoke the Bank's right to charge-back." Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment, page 5. This Court must disagree. While the two cases Plaintiff cites do not appear to be on point and this Court can find no Florida case law that is, this Court is nevertheless impressed by the reasoning of *First Georgia Bank v. Webster*, 308 S.E. 2d 579 (Ga. Ct. App. 1983), a case factually similar to the instant case (as this Court must, on a summary judgment, so construe these facts).

The Court in *First Georgia Bank* stated:

[Depositor's] negligence count was based on the representation of the bank employee that the check . . . was "good". The bank asserts that it is liable only for the negligence in the performance of the duties statutorily imposed upon it by the [UCC] and that passage of the UCC did away with actions such as [Depositor's] which are premised upon principles of common law negligence. . . . We must disagree. . . . While the UCC provides a remedy for the negligent violation of duties it imposes, it does not provide relief from common law negligence such as is alleged to have occurred in the present case. Therefore, [Depositor] was entitled to bring a common law negligence action against the bank.

*Id.* at 580, 581. The Court went on to affirm a damage and attorney fee award against the bank.

The Court in *First Georgia Bank* also stated:

[The bank] sought to recover the loss it sustained when [Depositor's] deposit was returned for insufficient funds after [the bank] had issued [Depositor] provisional credit of which [Depositor] had taken advantage. [The bank] based its counter-claim on its right to charge back the account for its customer. . . . In response to the counterclaim,

**47**

the [Depositor[ asserted the defense of estoppel which supplements the UCC.

> Since there was evidence from which the trier of fact could conclude that [Depositor] reasonably relied, to his detriment, on the bank's representation that his deposited check was "good", the elements of estoppel were present and prevented the bank from obtaining a refund of the amount credited to [Depositor's] account.

*Id.* at 582.

For the above reasons and the Court being otherwise fully advised in the premises, it is therefore

ORDERED AND ADJUDGED that Plaintiff's Motion for Summary Judgment be and is hereby DENIED.

DONE AND ORDERED in Chambers at Bartow, Polk County, Florida, this 28th day of July, 1987.